UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PENNYMAC LOAN SERVICES, INC.,

    Plaintiff,

    v.

JEFFREY MORNEAU and
CONNOR & MORNEAU LLP,

    Defendants.

Civil Action No. 22-30133-MGM

MEMORANDUM AND ORDER RE: PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT
(Dkt. No. 28)

August 21, 2023

MASTROIANNI, U.S.D.J.

    Plaintiff, PennyMac Loan Services, LLC, filed the pending Motion for Leave to File First Amended Complaint (Dkt. No. 28) the same day it filed its objections to portions of the Report and Recommendation (R&R) issued by Magistrate Judge Paul D. Levenson, in which he recommended this court dismiss Plaintiff's Complaint. Defendants, Jeffrey Morneau and Connor & Morneau LLP, objected to Plaintiff's proposed first amended complaint (FAC) on futility grounds. Plaintiff did not request leave to file a reply and a hearing was held on July 26, 2023. Recently, following *de novo* review, this court adopted the R&R, including Judge Levenson's recommendation that the court dismiss, without prejudice, Plaintiff's claims for legal malpractice (Count I), breach of contract (Count II), and contractual indemnification (Count IV) because the complaint lacked factual allegations sufficient to support a plausible theory of liability. (Dkt. No. 43.) The court now considers Plaintiff's request to file an amended complaint and, for the reasons explained below, denies the motion.

1

"Whether a proposed amendment is futile is 'gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6).'" *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (quoting *Juarez v. Select Portfolio Servicing, Inc.*, 708 F.3d 269, 276 (1st Cir. 2013)). A request for leave to amend is properly denied if the FAC does not include factual allegations necessary to state a plausible claim. *D'Agostino v. ev3, Inc.*, 845 F.3d 1, 12 (1st Cir. 2016). Since the same Rule 12(b)(6) analysis previously applied to Defendants' motion to dismiss applies here, the court first considers whether the FAC sufficiently addressed the shortcomings of the original complaint.

Consistent with Judge Levenson's determinations, this court found the factual allegations in Plaintiff's original complaint were insufficient to support its claims that one or more breach by Defendants, of duties they owed to Mortgage Network, Inc. (MNI), was the proximate cause of Plaintiff's alleged injuries. To be plausible, the claims in Counts I, II, and IV needed the support of facts causally connecting the alleged breaches to the alleged injuries. In his R&R, Judge Levenson provided Plaintiff a roadmap for assessing whether there was a sufficient factual basis for its allegations. He suggested Plaintiff should identify the MNI employees who would have responded had Defendants not breached in 2019, the actions MNI, and later Plaintiff, would likely have taken, and how those actions would have prevented Defendants from injuring Plaintiff by filing the 2020 state court litigation. Judge Levenson even noted that Plaintiff should address the possibility that MNI would have engaged a different attorney for the 2019 Closing, since that response would not have impeded Defendants from filing the state court action.

Plaintiff's FAC does not follow Judge Levenson's roadmap and does little to address the concerns identified at the motion to dismiss stage. There are no allegations identifying the MNI employees who would have received the required notices from Defendant, describing their authority to respond, or explaining why MNI would not simply have engaged new counsel. Plaintiff did

include an additional factual allegation identifying actions MNI and Plaintiff "*could* have taken" had Defendants provided proper to notice to MNI, but such open-ended allegations can only identify possible causal connections. (FAC, Dkt. No. 28-1, ¶ 30 (emphasis added).) As Judge Levenson explained, in order to plausibly allege the necessary causal connection, Plaintiff must explain how MNI actually would have responded had Defendants provided the required notices, how the relevant information would have been conveyed to Plaintiff, what Plaintiff would have done had it received the information, and how that would have prevented the state court litigation. This is especially true since Plaintiff has continued to take the position, both in the FAC and when pressed during the hearing, that both the mortgage language drafted by MNI and the discharge-related fees charged by Plaintiff comply with Massachusetts laws and regulations.

  Finally, Plaintiff's FAC also says nothing about the possibility that MNI would simply have engaged new counsel. Nor does it include allegations, suggested by Plaintiff's counsel during the hearing that, at the time of the 2019 Closing, Defendants were already involved in litigating mortgage discharge fee claims. Without more, Plaintiff's allegations that certain events "could" have happened in the absence of the alleged breaches are too hypothetical or speculative to support a plausible claim. Since the FAC does not adequately address the concerns identified in the R&R and reiterated by this court's order dismissing Counts I, II, and IV, the court denies the motion for leave to amend on futility grounds.

  Defendants argued the FAC was futile for two additional reasons. They asserted the facts in the FAC are insufficient to demonstrate that, under Massachusetts law, Defendants owed professional obligations to Plaintiff. Additionally, Defendants argue that the Massachusetts litigation privilege for attorneys protects Defendants from civil liability based on any statements made or actions taken while Morneau was representing Lepsch, barring Plaintiff from relying on such statements to support its claim that Morneau held certain professional opinions at the time of the

3

2019 Closing. Neither of these arguments was raised in Defendants' earlier motion to dismiss and Plaintiff has not sought leave to oppose them in writing. Upon consideration of Defendants' supporting citations, the court concludes these arguments provide additional support for the court's determination that the FAC is futile.

Under Massachusetts law, attorneys owe professional obligations only where there is an express or implied attorney-client relationship or reasonable reliance. *One Nat. Bank v. Antonellis*, 80 F.3d 606, 609 (1st Cir. 1996). At the hearing Defendants asserted, and Plaintiff did not dispute, that no facts alleged in the FAC support the existence of either an express or implied attorney-client relationship. They also argued that Plaintiff cannot satisfy the first requirement for reasonable reliance, that "a duty is only owed to nonclients 'who the attorney knows will rely on the services rendered,'" because Defendants did not know Plaintiff's identity at the time of the 2019 Closing. *Id.* (quoting *Robertson v. Gaston Snow & Ely Bartlett*, 536 N.E.2d 344, 350 (Mass. 1989)). During the hearing, Plaintiff suggested language in the Closing Instructions stating that MNI could sell the mortgage and transfer its rights, privileges, and obligations to successors suffices. The court is not persuaded because such a broad interpretation is inconsistent with the second requirement for reasonable reliance, that there be no conflict between the duties owed to the client and the nonclient. *Id.* Determining whether there was even a partial conflict between the duties an attorney owed to a client and a nonclient requires knowledge of their actual identities, not simply whether a nonclient was a foreseeable successor to the client.

Finally, Defendants challenged the sufficiency of the factual allegations related to Plaintiff's core claim that, at the time of the 2019 Closing, Morneau held the professional opinion that Massachusetts laws and regulations prohibited charging certain mortgage discharge fees. The only factual basis provided for this assertion is that Morneau later took such positions while representing Stephanie Lepsch. Thus, Plaintiff's FAC relies on statements Morneau made in a 93A demand later

and complaint filed in state court as a basis for asserting civil liability against Defendants. This appears inconsistent with the Massachusetts litigation privilege that protects attorneys from civil liability to another for statements made while representing a client. *Bassichis v. Flores*, 189 N.E.3d 640 (Mass. 2022) (ruling the litigation exception shields attorneys from civil liability for actions taken and communications made in the course of a judicial proceeding).

In conclusion, for the above reasons, the court, hereby DENIES Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 28) because the FAC is futile. As the court previously dismissed the Complaint, this case may now be closed.

It is So Ordered.

      /s/ Mark G. Mastroianni
MARK G. MASTROIANNI
United States District Judge